USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 26, 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,        :      **19 CR 169 (VM)**
                                 :
       -against-              :
                                 :      **DECISION AND ORDER**
MANOLO DONES,                    :
                                 :
                    Defendant.  :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

The Court previously scheduled a sentencing in the above-referenced matter for Friday, July 10, 2020. (See Dkt. No. 158.) On May 19, 2020, the Court granted a request by defendant Manolo Dones ("Dones") to reschedule the sentencing for either June 3, 2020, or June 5, 2020 to the extent that could be feasibly accommodated by the Clerk of Court, who must arrange for all remote appearances by defendants being held at the MCC. (See "Endorsed Letter," Dkt. No. 182.) The process of scheduling Dones's sentencing is underway and the Court will confirm the date and time of the sentencing, along with the dial-in procedures, when that information becomes available. Meanwhile, on May 20, 2020, the parties jointly requested that the Court, in advance of sentencing, make and set forth its findings pursuant to Section 15002(b)(2)(A) ("Section 15002(b)(2)(A)") of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (See "Motion," Dkt. No. 183.) Accordingly, the Court sets forth the findings required by the CARES Act below.

1

## I. BACKGROUND

On November 14, 2019, Dones pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine in violation of 21 U.S.C. Sections 846 and 841(b)(1)(C). (See Dkt. Minute Entry Dated 11/14/19.) Dones's sentencing was originally scheduled for March 6, 2020 (see Dkt. No. 118), but the Court rescheduled his sentencing twice, first at the request of defense counsel (see Dkt. No. 147) and then again sua sponte due to the COVID-19 pandemic (see Dkt. No. 158). Because the COVID-19 pandemic remains an ongoing threat, it is uncertain when in-person sentencings will resume at the Daniel Patrick Moynihan United States Courthouse, where this Court sits.

## II. LEGAL STANDARD

Congress passed the CARES Act on March 27, 2020. See Pub. L. No. 116-136, 134 Stat. 281. Under the CARES Act, certain proceedings may take place remotely if the Judicial Conference of the United States finds that the emergency conditions due to COVID-19 will materially affect the functioning of the federal courts generally or a particular district court. On March 29, 2020, the Judicial Conference of the United States found that emergency conditions due to COVID-19 have materially affected and will affect the functioning of the federal courts. See United States v. Cohen, No. 19 CR 741, 2020 WL 2539115, at *1 (S.D.N.Y. May 19, 2020). On

March 30, 2020, the Chief Judge of this District found that felony sentencings could not be conducted in person without seriously jeopardizing public health and safety. (See In re Coronavirus/COVID-19 Pandemic, Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20-mc-00176 (S.D.N.Y. Mar. 30, 2020).)

Because the circumstances contemplated by the CARES Act are present, Section 15002(b)(2)(A) of the CARES Act provides that felony sentencings "may be conducted by video teleconference, or by telephone conference if video conferencing is not reasonably available," if the sentencing "cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge . . . finds for specific reasons that the . . . sentencing . . . cannot be further delayed without serious harm to the interests of justice." The CARES Act requires that appearance by video or telephone "may only take place with the consent of the defendant . . . after consultation with counsel." Section 15002(b)(4).

Federal Rule of Criminal Procedure 32(b)(1) requires that district courts "impose sentence without unnecessary delay." The rule imposes "no rigid timeline for sentencing," and "the decision of when to impose sentence is in the sound discretion of the trial court." United States v. Flowers, 983 F. Supp. 159, 170 (E.D.N.Y.

3

1997). However, the Second Circuit has also noted the danger that a "delay in sentencing may leave the defendant, as well as the victim, in limbo concerning the consequences of conviction. It postpones the commitment of the defendant to corrections facilities, may have a detrimental effect on rehabilitation, and suspends the appellate review of error." United States v. Ray, 578 F.3d 184, 198 (2d Cir. 2009) (alteration omitted).

### III.   DISCUSSION

The Court finds that all of the conditions of the CARES Act have been met. First, there is simply no way for the sentencing to "be conducted in person without seriously jeopardizing public health and safety." Section 15002(b)(2)(A). The COVID-19 pandemic remains an ongoing threat, and the Court declines to put the defendant and other individuals involved in this proceeding at risk. The Court also notes that many courthouse operations at the Daniel Patrick Moynihan Courthouse have ceased entirely, or operate with only a barebones staff. The Court likewise declines to put these staff members in more danger than they already face every day, particularly the few who have no choice but to go into the courthouse to do their jobs.

Second, the Court finds that the sentencing "cannot be further delayed without serious harm to the interests of justice." Section 15002(b)(2)(A). Defense counsel has signaled its intent to seek a

downward variance, which may include a sentence of time served. (Motion at 1.) Defense counsel also points out that the pendency of this case is preventing the progress of Dones's related state prosecution. (Id. at 1-2.) The Government has indicated that it will argue that a sentence of time-served is not appropriate, but agrees that this case "present[s] some mitigating factors." (Id. at 1.) Importantly, both parties agree that under the facts and circumstances of this case, it would do "serious harm to the interests of justice" to (1) deprive the defendant of the opportunity to persuade the Court that a sentence of time-served is appropriate, and (2) delay the advancement of his state court proceeding. (Id. at 1-2.)

Third, while it is true that a small number of proceedings in this District have taken place by videoconference, it is the Court's understanding that there are still significant issues with the reliability of the videoconferencing system, as well as logistical hurdles. To start, this District has only limited videoconference equipment and bandwidth, and in general its technical capabilities are limited. This is especially so when multiple people are participating. Therefore, the Court finds that videoconferencing is not reasonably available at this time, and that the interests of justice counsel in favor of proceeding by

5

teleconference, which has fewer technical limitations and logistical difficulties.

Fourth, and finally, the Court finds that Dones has consented to being sentenced remotely after consultation with counsel. Indeed, the Court understands that Dones has requested the earlier sentencing date partly "because of the difficult and dangerous conditions at MCC New York, where he is being held." (Endorsed Letter at 1.) The Court therefore finds that this condition of the CARES Act is satisfied.

Thus, all conditions of the CARES Act are met here.

## IV.  ORDER

Accordingly, it is hereby ordered that the sentencing of Manolo Dones be held by teleconference on a date and at a time to be determined in conjunction with the Clerk of Court and confirmed by separate order.

**SO ORDERED:**

Dated:   New York, New York
         26 May 2020

_____
Victor Marrero
U.S.D.J.

6