USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :          19 CR 169 (VM)
          -against-                 :        DECISION AND ORDER
                                    :
MANOLO DONES,                       :
                                    :
                    Defendant.      :
-----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

By letter dated January 21, 2022 ("Motion," Dkt. No. 282), defendant Manolo Dones ("Dones") moves this Court for compassionate release or a reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). For the reasons stated herein, the motion is denied in part and granted in part.

## I. BACKGROUND

Dones was arrested in January 2019 and was subsequently arraigned on one count of conspiracy to distribute and possess with intent to distribute narcotics, a violation of 21 U.S.C. Sections 846 and 841(b)(1)(C). He pleaded guilty on November 14, 2019, before the magistrate court and on June 5, 2020 this Court accepted Dones's guilty plea as having been entered knowingly and voluntarily. Also on June 5, 2020, this Court sentenced Dones to sixty-three months' imprisonment, but explicitly reduced his sentence by twenty-three months to account for pre-sentencing custody Dones served in state

prison for the same underlying offense, such that his term of imprisonment in Bureau of Prisons ("BOP") facilities for this offense was not to exceed forty months.

The instant offense was not Dones's first criminal conviction. At the time of sentencing in this case, he had at least fifty-eight prior convictions. Nevertheless, the Court sentenced him at the bottom of the Sentencing Guidelines' range after considering all the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)"), including Dones's family circumstances, his lengthy battle with drug addiction, and the conditions of his pre-sentence confinement. Dones's current expected date of release from BOP custody is May 31, 2023, and he has currently served over forty-two months of his sixty-three-month sentence.

Dones now moves for a reduction in sentence pursuant to Section 3582. He seeks compassionate release or, in the alternative, a reduction in his sentence to account for "good time credit" that, he argues, should have accrued during his pre-sentence detention. (See Motion.) The Government submitted a letter in opposition to Dones's the motion for compassionate release but expressed no position as to his motion for the more modest sentence reduction. (See "Opposition," Dkt. No. 287.) Also before the Court is Dones's

2

letter replying to the Government's opposition. (See "Reply," Dkt. No. 288.)

## II.  LEGAL STANDARD

After a defendant has exhausted administrative remedies and unsuccessfully sought a sentence reduction from the BOP, a sentencing court may modify or reduce a term of imprisonment upon a finding that "extraordinary or compelling reasons warrant such a reduction," after consideration of the Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). Under Section 3582, the court must "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and is not limited to considering reasons articulated by the United States Sentencing Commission. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also United States v. Phillibert, 15 Crim. 647, 2021 WL 3855894, at *3 (S.D.N.Y. Aug. 27, 2021) (explaining that Brooker clarified the reach of the Sentencing Commission's guidance defining "extraordinary and compelling").

Section 3582 grants a district court "broad" discretion, and under the statute, the court can "for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." Id. Thus, the

3

same legal standards govern a request for release and a request for a lesser sentence reduction.

### III. DISCUSSION

The Court first notes that Dones adequately exhausted his administrative remedies prior to bringing the Motion. Section 3582 empowers this Court to hear sentence-reduction motions after a defendant fully exhausts all administrative appellate rights or after thirty days have passed since the warden received defendants' reduction request. See Section 3582(c)(1)(A). The parties agree that Dones brought a request for recalculation of good time credit on June 5, 2021 and a request for compassionate release on August 31, 2021. (See Motion at 3; Opposition at 4). Thus, Dones has easily satisfied Section 3582's exhaustion requirement.

Having found that Dones satisfied the exhaustion requirement, the Court must evaluate whether extraordinary and compelling reasons justify a sentence reduction. See United States v. Pellot, 19 Crim. 169, 2021 WL 807242, at *1 (S.D.N.Y. Mar. 3, 2021). Dones argues two factors meet that high standard and warrant release from BOP custody: his brother's ("Aramis") need for a caregiver and the risk of Dones contracting severe COVID-19. He adds that the need to give full effect to the Court's intended sentence -- and to correct an alleged BOP misinterpretation of his sentence --

is an extraordinary and compelling reason to reduce his sentence.

A.   THE NEED TO SERVE AS CAREGIVER

Dones asserts that his brother, Aramis, has experienced a rapid decline in his health since Dones's sentencing, and Aramis's current health and lack of available caregiver constitute "extraordinary and compelling" circumstances. When the Court sentenced Dones, it heard argument about Aramis's battle with chronic illness and Dones's support in helping him take his medication and attend medical appointments. However, in the years since, Aramis's condition worsened significantly, such that he now has great difficulty caring for himself.[1] Aramis lives with his 82-year-old mother and his uncle, who is in his seventies and has back problems. Neither relative, Dones argues, is able to serve as an adequate caregiver, especially because the family lives in a walk-up apartment.

Courts in this District have noted that familial circumstances, including the need to act as a caregiver, can constitute extraordinary circumstances, but they do not always meet that threshold. Compare United States v.

---

[1] Dones has provided the Court with extensive details, including medical records, documenting Aramis's illness. In order to protect the private health information of Aramis, a third-party, the Court will not detail all of his ailments and maladies beyond noting that they are quite severe and concerning, including multiple surgeries.

5

Hasanoff, No. 10 Crim. 162, 2020 WL 6285308, *4-6 (S.D.N.Y. Oct. 27, 2020) (finding defendant had demonstrated that "his mother require[ed] constant care and that [defendant] himself [was] the only available caregiver," and combined with his "extraordinary rehabilitation," there were extraordinary and compelling reasons favoring release) with United States v. Yoda, No. 15 CR 95, 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020) (finding that a defendant who moved for compassionate release to care for his father had not established extraordinary and compelling circumstances where his "father does not appear to depend exclusively on [the defendant] for care at this time").

The Court is satisfied that Dones has established that he is Aramis's only adequate familial caregiver and that Aramis's health is dire. While "[i]t is true that illness of a close family member would not weigh in favor of [providing a sentence reduction for] every incarcerated person," United States v. Rengifo, No. 09 Crim. 109, 2021 WL 5027334, at *13-14 (S.D.N.Y. Oct. 29, 2021), the Court finds that the circumstances here constitute the rare case in which familial circumstances are extraordinary and compelling. While a sentencing court always recognizes that the defendant's family will be impacted by a custodial sentence, Aramis's rapid deterioration in health was "not particularly

6

foreseeable and ha[ve] imposed . . . further hardships and strain" on Dones's family. Id. at *13 (quoting United States v. Henareh, No. 11 Crim. 93, 2021 WL 119016, at *4 (S.D.N.Y. Jan. 13, 2021)).[2]

Upon consideration of all the relevant evidence, the Court concludes that Aramis's health, lack of a suitable caregiver, and the unforeseeability of these circumstances at the time of Dones's sentencing collectively constitute an "extraordinary and compelling" circumstance. Whether this circumstance warrants a sentence reduction depends on the Court's consideration of the Section 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

B.   THE RISK OF COVID-19

Before applying the Section 3553(a) factors, the Court will consider Dones's other arguments. Dones contends that his risk of contracting COVID-19 constitutes extraordinary circumstances justifying his release. He cites United States v. Frye, a decision by a court in this District finding that "[a]n inmate (1) in a Bureau of Prisons Facility with a high

---

[2] The Court was aware that Aramis suffered from medical problems at sentencing and considered Dones's family situation when imposing his sentence. However, reviewing the submissions appended to the Motion before the Court today and the materials submitted to the Court at sentencing, it is clear that Aramis's situation is far worse now than it was two years ago. Compare Motion with "Sentencing Transcript," Dkt. No. 191, at 15 and "Letter from Aramis Dones," Dkt. No. 185-4. At the time of sentencing, the Court had no indication that Aramis's health would deteriorate so rapidly, nor did it know Dones was his only capable caregiver.

7

rate of COVID-19 infections, and (2) who suffers from health conditions found by the Center for Disease Control to place a person at an increased risk of suffering a severe outcome from Covid-19, has met the threshold 'extraordinary and compelling' standard warranting compassionate release." No. 14 Crim. 810, 2021 WL 1316497 (S.D.N.Y. Apr. 8, 2021).

Beginning with the first factor, Dones argues that Federal Correctional Institution Fairton ("FCI Fairton"), the facility in which he is incarcerated, has a high rate of COVID-19 infections. As of the date of this Order, FCI Fairton reports that currently sixteen inmates and forty-six staff members have tested positive for COVID-19. *COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Feb. 4, 2022). Of the 880 inmates at FCI Fairton, 219 have recovered from COVID-19 and one has died. Id. The facility is currently operating at "Level Three," which is BOP's highest COVID-19 operational level, though BOP provides no indication of whether that classification is due to high levels of medical isolation, high levels of community transmission in recent days, or low facility vaccination rates. *BOP's COVID-19 Operational Levels*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Feb. 6, 2022). While cases may be

8

declining as the recent Omicron-variant surge passes, the Court still recognizes that there is a moderate risk of contracting COVID-19 at FCI Fairton.

However, even assuming FCI Fairton has a high level of cases and that Dones suffers from health conditions that place him at an increased risk of COVID-19,[3] the Court cannot ignore two facts: (1) Dones has already contracted and recovered from COVID-19, and, more importantly, (2) he is vaccinated against the virus. (See Motion at 6.) And "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, 17 Crim. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021).

Further, even prior to the availability of COVID-19 vaccines, courts have repeatedly found that the "extraordinary and compelling" standard was not automatically met in every case where the defendant had underlying health conditions that increase the risk of severe COVID-19. See, e.g., United States v. Cajigas, No. 08 Crim. 391, 2020 WL 6625210, at *2 (S.D.N.Y. Nov. 11, 2020); United States v. Santiago, No. 92 CR 563, 2020 WL 2475068, at *1 (E.D.N.Y. May

---

[3] There is no dispute that Dones suffers from conditions, particularly cirrhosis of the liver, that put him at high risk of severe illness from COVID-19.

9

13, 2020). Finally, as other courts in this District have noted, "the circumstances of the pandemic weigh less heavily on the balance of [Section] 3553(a) factors for inmates who have recovered from or been vaccinated against COVID-19 and are thus less likely to be infected again in the future." United States v. Nieves, No. 12 Crim. 931, 2021 WL 3494820, at *2 (S.D.N.Y. Aug. 8, 2021).

Considering all these factors in conjunction with Dones's medical history and the current situation at FCI Fairton, the Court concludes that there are no extraordinary and compelling reasons warranting immediate release from custody or a reduction in sentence due to the COVID-19 pandemic.

The Court also recognizes Dones's argument that, due to COVID-related restrictions, his conditions of confinement are harsher than originally contemplated at sentencing. However, courts in this District have consistently held that "pandemic-related measures taken by prisons will not amount to extraordinary circumstances for most defendants who have recovered from or been vaccinated against COVID-19." United States v. Montesino, No. 18 Crim. 526, 2022 WL 281280, at *2 (S.D.N.Y. Jan. 31, 2022) (quoting United States v. Cardenas, No. 17 Crim. 339, 2021 WL 3722761, at *3 (S.D.N.Y. Aug. 23,

10

2021). Thus, the changed conditions of confinement are neither extraordinary nor compelling.

C.  GIVING FULL EFFECT TO THE COURT'S INTENDED SENTENCE

Dones's final argument for a sentence reduction is that such a reduction is necessary to give full effect to the Court's intended sentence. The Court sentenced Dones's to sixty-three months in prison but reduced that sentence by twenty-three months to account for Dones's pre-sentence incarceration in state custody,[4] meaning that Dones would have to spend only a total of forty months in BOP custody. (See "Judgment," Dkt. No. 196, at 2.) However, BOP is providing Dones with "good time credit" for only the forty months Dones spent in its custody and not the full sixty-three-month sentence. (See Motion at 11.) If BOP counted those extra twenty-three months, Dones would receive an additional 105 days of good time credit. He now argues that this alleged miscalculation is an extraordinary and compelling circumstance that warrants relief under Section 3582.

---

[4] Dones was originally arrested by state authorities for the same conduct that gave rise to this federal case. Prior to sentencing, Dones spent four months in a state facility and over sixteen months in the Metropolitan Correctional Center, New York ("MCC"). MCC is a BOP facility, but during Dones's time there, the state retained primary custody over him. The state's retention of custody would have foreclosed Dones from receiving BOP credit for that period. (See Sentencing Transcript at 16–17.) The state charges were dismissed, and Dones's time in state custody was not credited towards any other sentence. Cf. United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.")

11

To begin, as stated by the Second Circuit in Brooker, a court reviewing a Section 3582 motion may consider *any* extraordinary and compelling reasons for a potential sentence reduction. See Brooker, 976 F.3d at 237. A motion for a reduced sentence may not be the only means by which to challenge good time credit calculations, but following the passage of the First Step Act, it is one possible avenue for relief when an inmate disagrees with BOP's calculations. See, e.g., United States v. Daniels, No. 11 Crim. 1, 2019 WL 2354388 (D. Conn. June 4, 2019).

Under 18 U.S.C. Section 3624, an inmate serving a sentence of more than one year but less than life may receive credit, up to fifty-four days per each year of the "sentence imposed by the court," for exemplary compliance with facility rules. 18 U.S.C. § 3624(b)(1). The decision that an inmate has demonstrated such exemplary compliance is "subject to determination by the Bureau of Prison." Id. However, the sentence entitled to potential good time credit is not subject to determination by BOP. The statute requires BOP to look to the "prisoner's sentence imposed by the court," id., and it does not limit good time credit availability to only portions of that sentence served in a BOP facility.

At sentencing, the Court found that "a sentence of 63 months' imprisonment is reasonable and appropriate and that

such a term is sufficient but not greater than necessary to promote the proper objectives of sentencing." (Sentencing Transcript at 24.) The Court then announced that the twenty-three months Dones already served would count towards his sixty-three-month sentence. So while the Judgment stated that Dones was "committed to the custody of the [BOP] to be imprisoned for a total term of 40 months (this sentence consists of a 63 month sentence reduced by 23 months)," (Judgment at 2,) the Court's oral announcement shows it clearly intended to sentence Dones to a total of sixty-three months.

As "[i]t is clearly established in this Circuit that it is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence," United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995) (quotations omitted), for the purposes of Section 3624, the "sentence imposed by the court" is sixty-three months. The fact that Dones served twenty-three of those months in state custody prior to sentencing is irrelevant. See 18 U.S.C. § 3624(b)(1) (referring only to the total sentence imposed).

When Dones raised this issue with BOP, requesting credit for the first twenty-three months of his sentence, the warden responded that "[a] review of the matter reveals [he] received a 40-month sentence after the judge took into consideration

13

the 23 months served prior to sentencing." (Exhibit A to Motion, at 1.) An examination of the sentencing transcript shows that conclusion is inaccurate. The Court announced a total sentence of sixty-three months, and then reduced that sentence by twenty-three months to account for Dones's time served in state custody. This practice has been endorsed by the Second Circuit and avoids confusion about whether a sentence was meant to account for time served. See United States v. Ojeda, 946 F.3d 622, 633 (2d Cir. 2020) (remanding a case for re-sentencing when the sentencing court announced a final sentence "without first announcing a higher sentence, and then reducing it by [defendant's] time served pursuant to" a provision of the Sentencing Guidelines, creating confusion about the sentence imposed).

Here, the Sentencing Guidelines range was sixty-three to seventy-eight months. By clarifying that it was sentencing Dones to a *total sentence* of sixty-three months, but reducing that sentence by twenty-three months to account for time served, the Court established that it was sentencing Dones to a Guidelines-range sentence and not departing downwards. The Court sentenced Dones to sixty-three months, and BOP's misinterpretation of that sentence constitutes an extraordinary and compelling circumstance that weighs in favor of a sentence reduction.

14

D.  SECTION 3553(A) FACTORS

After a court has determined that "a defendant has exhausted administrative remedies and been found to have extraordinary and compelling reasons for sentence reduction," the Court may reduce the sentence if such a reduction would be consistent with the Section 3553(a) factors. Rengifo, 2021 WL 5027334 at *15. Dones asks for either immediate release, which would be equal to approximately a twenty-one-month reduction, or for a 105-day reduction.

As the sentencing court, the Court is intimately familiar with the manner in which the Section 3553(a) factors relate to this case. Dones pled guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine, a violation of 21 U.S.C. Sections 846 and 841(b)(1)(C). This case was his fifty-eighth criminal conviction. Dones now argues that his risk of recidivism is low, as he is now fifty years old and has been sober for over thirty-six months.

The Court commends Dones's efforts at rehabilitation following his lifelong battle with addiction. But given "the nature and circumstance of the offense and the history . . . of the defendant," the Court does not believe a forty-two-month sentence -- the sentence that would result from an order of immediate release -- would be sufficient to satisfy the

goals of sentencing, particularly the need to afford adequate deterrence and to protect the public from further crimes. Despite the presence of extraordinary and compelling circumstances, after consideration of the Section 3553(a) factors, the Court concludes that Dones's immediate release is not warranted.

However, given the combined weight of both Dones's familial circumstances and the need to give full effect to the Court's intended sentence, a sentence reduction in the amount of 105 days, or three and a half months, is appropriate. Given the presence of these two extraordinary circumstances, the Court finds that the originally imposed sentence of sixty-three months is no longer "sufficient, but not greater than necessary," to advance the goals of sentencing. See 18 U.S.C. § 3553 (a). If the Court were sentencing Dones today, with knowledge of these conditions, it would have imposed a sentence of fifty-nine months and fifteen days.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Manolo Dones's for compassionate release or a sentence reduction (Dkt. No. 282) is **DENIED** in part and **GRANTED** in part. His sentence is modified to reduce his total term of imprisonment from sixty-three months to fifty-nine months and fifteen days, and

Dones's term of imprisonment in Bureau of Prisons custody from forty months to thirty-six months and fifteen days. All other terms and conditions of Dones's sentence remain in full force and effect.

**SO ORDERED.**

Dated: New York, New York
      7 February 2022

_____
Victor Marrero
U.S.D.J.